IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILBERT NORWOOD STARKS. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-02771-G (BT) |
| | § | |
| ROBERT J. DAVIS, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Wilbert Norwood Starks filed a petition for a writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a), on September 3, 2020. *See* Comp. (ECF No. 3). The Court granted Starks leave to proceed *in forma pauperis* but withheld issuing service pending judicial screening. *See* Ord. (ECF No. 6). Starks also filed a motion for leave to file an amended petition for a writ of mandamus. (ECF No. 5). For the following reasons, the Court should dismiss Starks's petition for lack of subject matter jurisdiction or, alternatively, as frivolous and deny his motion for leave to amend as futile.

**Background**

Starks claims that he was arrested without cause in 2017. (ECF No. 3 at 16). After that criminal matter terminated in Starks's favor, he filed a civil suit in the "Justice of the Peace Court" in Plano, Texas, alleging false arrest and imprisonment, excessive force, destruction of personal property, and for

the violation of other state and federal constitutional rights. *Id.* Starks's civil suit was dismissed. *Id.* Subsequently, Defendant Robert J. Davis, an attorney, sought sanctions and attorney fees from Starks in a Collin County court pursuant to Rule 13 of the Texas Rules of Civil Procedure and Chapter 10 of the Texas Civil Practice and Remedies Code, apparently in relation to Starks's civil suit. *Id.* at 10.[1] Judge Dan K. Wilson awarded the requested sanctions and attorney fees. *Id.* Starks filed a petition for a writ of certiorari to the United States Supreme Court related to the judgment issuing sanctions and attorney fees, which was denied. *Id.* at 9.

Starks now seeks a writ of mandamus from this Court. Starks claims that Judge Wilson lacked jurisdiction and authority to enter the judgment for sanctions and attorney fees. *Id.* at 11, 13, 14. Specifically, Starks claims that, pursuant to Rule 13 of the Texas Rules of Civil Procedure and Chapter 10 of the Texas Civil Practice and Remedies Code, the Collin County court lacked the jurisdiction and authority to enter the judgment because Starks had not "signed or filed a lawsuit in that Court or cause number," and "the

---

[1] Section 10.001 of the Texas Civil Practice and Remedial Code allows attorneys or parties to be sanctioned for frivolous actions filed for the purposes of harassment. TEX. CIV. PRAC. & REM. CODE § 10.001. Pursuant to Section 10.002, a party can make a motion for sanctions, or the court—after providing adequate notice—may enter an order for sanctions *sua sponte*. *Id.* at § 10.002. Violations of Section 10.001 may result in a penalty "sufficient to deter repetition of the conduct" including expenses incurred as a result of the violation, attorneys' fees, and a penalty to be paid to the court. TEX. CIV. PRAC. & REM. CODE § 10.004.

motion for sanction [sic] and attorney fees cannot be asserted where no lawsuit was filed in that court." *Id.* at 14. Further, Starks maintains that the judgment violated his due process rights because he was not served with the required notice under Texas law. *Id.* at 15.

Starks asks this Court to issue a writ of mandamus to "VOID the illegal Sanction and Attorney Fees Order and Judgment issued by the County Court at Law #5, in Cause No. 005-03474-2018, Collin County, Texas on February 19, 2019, where such court action that was so egregiously erroneous that it constituted a usurpation of judicial power . . . " *Id.* at 17.

### Legal Standards

Under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009). A court may dismiss a complaint as frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## Analysis

The Court lacks jurisdiction over Starks's petition pursuant to the *Rooker-Feldman* doctrine and, at any rate, the petition is legally frivolous.

The *Rooker-Feldman* doctrine prohibits the Court from voiding a state-court judgment like that at issue here. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "Absent specific law otherwise providing, that doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994). "If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate appellate court." *Id.* (citations omitted). "Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court." *Id.* (citing *Feldman* 460 U.S. at 476). Further, while "the doctrine usually applies only where a plaintiff explicitly attacks the validity of a state court's judgment, it can also apply if the plaintiff's federal claims are so inextricably intertwined with a state judgment that the federal court is in essence being called upon to review a state court decision." *Illinois Cent. R.R. Co. v. Guy*,

4

682 F.3d 381, 390-91 (5th Cir. 2012) (internal quotation marks and citations omitted). There are four elements to the *Rooker-Feldman* doctrine: (1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Starks meets all of those elements here. Having lost in state court, he now alleges harm caused by a state-court judgment issued prior to his filing of this suit. As for relief, he seeks a writ of mandamus to void the state-court judgment. The *Rooker-Feldman* doctrine is clearly applicable, and the Court should dismiss Starks's petition for want of jurisdiction. *See, e.g., Cadle Co. v. Texas*, 74 F. App'x 396, 397 (5th Cir. 2003) (dismissing case pursuant to *Rooker-Feldman* doctrine where the plaintiff alleged constitutional due-process violations in connection with the issuance and enforcement of a state-court contempt decree resulting in sanctions); *Kelley v. Med-1 Solutions, LLC*, 548 U.S. 600, (7th Cir. 2008) (finding claims that would, in effect, overturn state-court award of attorney fees were barred by *Rooker-Feldman* doctrine).

The petition is also frivolous pursuant to well-established legal principles applicable to mandamus proceedings. Federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Section

1361 of Title 28 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

To the extent that Starks's petition could be construed as asking this Court to issue a writ of mandamus directing the state court to void the complained-of judgment, this Court does not have jurisdiction to issue a writ of mandamus against a state actor or agency. *See Scott v. Stephens*, 2015 WL 4086919, at *2 (N.D. Tex. July 2, 2015) (citing *Moye v. Clerk, Dekalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973)) (federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought); *see also San tee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state actors in the performance of their duties); *McCauley v. Texas*, 2007 WL 1848046, at *1 (E.D. Tex. June 25, 2007) (dismissing as frivolous a petition for a writ of mandamus seeking to compel the State of Texas and Texas prison officials to preserve petitioner's legal materials).

In sum, Starks's petition is clearly barred by the *Rooker-Feldman* doctrine and general principles applicable to writs of mandamus. His petition should be dismissed for want of jurisdiction or, alternatively, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Motion for Leave to Amend

Starks also filed a motion to amend his petition. (ECF No. 5). The proposed amended petition seeks compensatory relief pursuant to 42 U.S.C. § 1983, as well as a voiding of the underlying state-court judgment for sanctions and attorney fees. The proposed amended petition purports to add new claims under § 1983 for conspiracy and violation of the Equal Protection Clause. Specifically, Starks claims that Davis and Judge Wilson conspired together to issue the judgement for sanctions and attorney fees.

"Rule 15(a) requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987,994 (5th Cir. 2005) (citation and internal quotation marks omitted). The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of the amendment." *Id.* (citation omitted).

Here, amendment would be futile because the proposed amended petition for a writ of mandamus would suffer from the same flaws as the original petition. Namely, it seeks relief barred by the *Rooker-Feldman* doctrine by asking this Court to act as an appellate court to the state trial court and void its judgment, or issue a writ of mandamus to the state court to do the same. This is the result even though the proposed amended petition also makes claims for compensatory damages based upon alleged constitutional violations that occurred in the state-court proceedings. Such claims are "'inextricably intertwined' with a challenged state court judgment," such that review of the same would require this Court to review the state court decision. *Feldman*, 460 U.S. at 483, n.16.

## Recommendation

The Court recommends that Starks's petition be dismissed for want of subject matter jurisdiction or, alternatively, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), and that Starks's motion for leave to amend (ECF No. 5) be denied as futile.

Signed April 15, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).