IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILBERT NORWOOD STARKS. | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-02771-G (BT) |
| | § | |
| ROBERT J. DAVIS, ET AL. | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Wilbert Norwood Starks filed a petition for a writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a), on September 3, 2020. *See* Compl. (ECF No. 3). On April 15, 2021, the undersigned issued findings, conclusions, and a recommendation (FCR) that Starks's petition be dismissed for want of jurisdiction or, alternatively, under 28 U.S.C. § 1915(e)(2)(B) as frivolous, and that his motion for leave to amend be denied as futile. *See* FCR (ECF No. 12). The Court adopted the FCR in full and issued judgment dismissing Starks's action for lack of subject matter jurisdiction, or, alternatively, as frivolous. *See* OA and Judgment (ECF Nos. 15, 16). On May 18, 2021, Starks filed the pending "Motion for Rehearing," which the undersigned construes as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See* Mot. (ECF No. 17). For the following reasons, the Court should DENY Starks's motion to alter or amend the judgment.

1

## Background

According to the documents filed in this action, copies of state court filings, and the Collin County Court at Law docket sheet for the underlying state-court action, Starks filed a civil suit—case number 32-SC-18-146—in a Collin County, Texas, Justice of the Peace (JP) court against a Plano police officer and the Plano Police Department, alleging false arrest and imprisonment, excessive force, destruction of personal property, and for the violation of other state and federal constitutional rights.[1] The JP court dismissed his case. *See* Mot. (ECF No. 17 at 10). Starks then filed an appeal—case number 005-03474-2018—in Collin County Court at Law.[2] *See Wilbert Norwood Starks v. Jody Privett, #1374, and Plano Police Department, et al.*, No. 005-03474-2018 (Co. Ct. at Law No. 2, Collin County, Tex. Dec. 4, 2018). The Collin County Court at Law dismissed his appeal. *See id.* Thereafter, Defendant Robert J. Davis, an attorney, filed a motion for sanctions and attorney fees in the Collin County Court at Law action. *See id.*

---

[1] The Court, in performing its screening obligations, may consider materials that Starks attached to his complaint. *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015,1017 (5th Cir. 1996). Further a court may "take judicial notice of the public records in . . . prior state court proceedings." *Kahn v. Ripley*, 772 F. App'x 141, 142 (5th Cir. 2019), *cert. denied*, --- U.S. ----, 140 S. Ct. 835, 205 L. Ed. 2d 483 (2020) (citing *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998) and *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

[2] It appears that the case was initially assigned to Collin County Court at Law 2 but was then transferred to Collin County Court at Law 5.

The presiding judge in that case, Judge Dan K. Wilson, awarded the requested sanctions and attorney fees. *See id*. Now, by this action, Starks seeks to challenge the sanctions award entered by Judge Wilson.

Specifically, Starks claims that, pursuant to Rule 13 of the Texas Rules of Civil Procedure and Chapter 10 of the Texas Civil Practice and Remedies Code, the Collin County Court at Law lacked jurisdiction to sanction him because he originally filed his civil action in JP court. He also claims that Davis conspired with Judge Wilson, to "commit fraud and grand theft against the 'Elderly'" and to "illegally issue an unconstitutional Sanction and Attorney fees against Plaintiff . . ." Mot. (ECF No. 17 at 3); *see also* Compl. (ECF No. 3 at 10). Starks asks this Court to "issue a Writ of Mandamus to void this unconstitutional act of evil and as the United States Supreme Court label it a 'Manifest Transgression, that any court have a duty [sic] to perform as a matter of law.'" Mot. (ECF No. 17 at 7).

The Court, adopting the FCR in full, originally dismissed Stark's claims for want of subject matter jurisdiction under the *Rooker-Feldman* doctrine, or, alternatively, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Starks now asks the Court to revisit that judgment. As for relief, he asks the Court to void its May 4, 2021 Order Adopting and Judgment and to grant all his original requested relief, which included a request for a writ of mandamus to void the sanction award, as well as compensatory, general, and punitive damages against Defendant Robert J. Davis for violating

3

Starks's constitutional rights by conspiring to commit fraud and grand theft against the elderly by filing the motion for sanctions and attorney fees. *See generally* Mot. (ECF No. 17 at 7).

## Legal Standards and Analysis

Starks does not frame his motion as one to alter or amend the judgment under Rule 59(e), but tasked with the obligation to liberally construe the filings of *pro se* litigants, the Court construes it as such. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that a document filed *pro se* is to be "liberally construed") (citing *Estelle v. Gamble*, 429 U.S. 97, 104, 106 (1976)); *see also Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182, n.2 (5th Cir. 2012) (noting that a motion asking the court to reconsider its prior ruling is evaluated either as a motion "to alter or amend a judgment" under Rule 59(e) or as a motion for "relief from a final judgment, order, or proceeding" under Rule 60(b) depending on when the motion was filed, with a motion filed within twenty-eight days of the entry of judgment considered under Rule 59(e)). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co.*

4

*v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). "The district court has considerable discretion in deciding whether to reopen a case under Rule 59(e)." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). The court must balance "two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all facts." *Id.* "Relief under Rule 59(e) is an extraordinary remedy that should be used sparingly." *Indep. Coca-Cola Emps.' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143 (5th Cir. 2004).

Here, Starks fails to show that he is entitled to the relief he seeks. The Court previously found that the *Rooker-Feldman* doctrine barred his claims. "Absent specific law otherwise providing, [the *Rooker-Feldman*] doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994). The doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). Further, while "the doctrine usually applies only where a plaintiff explicitly attacks the validity of a state court's judgment, it can also apply if the plaintiff's claims are so inextricably intertwined with a state judgment that the federal court is in essence being called upon to review a state court decision." *Illinois Cent.*

5

*R.R. Co. v. Guy*, 682 F.3d 381, 390-91 (5th Cir. 2012) (internal quotation marks and citations omitted); *see also Weaver v. Tex. Capital Bank, N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (per curiam) (noting that, in Fifth Circuit jurisprudence, "[a] state court judgment is attacked for purposes of *Rooker-Feldman* 'when the [federal] claims are "inextricably intertwined" with a challenged state court judgment,' or where the losing party in a state court action seeks 'what in substance would be appellate review of the state judgment'") (citations omitted).

      Starks fails to present any convincing argument that the Court should retreat from its prior finding that the *Rooker-Feldman* doctrine bars his claims. He asks the Court to void the state court judgment against him for sanctions and attorney fees, arguing that the state court lacked subject matter jurisdiction to issue it. The *Rooker-Feldman* doctrine is clearly applicable to such a claim for relief because it invites this Court to review a state court judgment. *See, e.g., Turner v. Cade*, 354 F. App'x 108, 110-11 (5th Cir. 2009) (per curiam) (*Rooker-Feldman* bars a claim that a state-court divorce decree was procured through fraud when the federal plaintiff asked the decree to be declared void); *Wade v. Louisiana State, Inc.*, 2020 WL 5647870, at *3 (M.D. La. July 27, 2020) ("Because Plaintiff asks this Court to 'reopen,' 'audit' and 'declare void,' two state court judgments, his Complaint is barred by the *Rooker-Feldman* Doctrine and must be dismissed in its entirety.").

The same is true for any 42 U.S.C. § 1983 claims that Davis and Judge Wilson conspired together to commit fraud and grand theft against the elderly (apparently, Starks) by knowingly and illegally filing the motion for sanctions and attorney fees and violated Starks's equal protection rights by failing to dismiss the "erroneous petition for sanction [sic] and attorney fees." *See* Proposed Amended Compl. (ECF No. 5 at 22). Even were the Court to consider these claims, to grant Starks the relief that he requests, the Court would have to determine that the underlying state court judgment was tainted and therefore void. Such claims are inextricably intertwined with the state court judgment. *See, e.g., Magor v. GMAC Mortgage, L.L.C.*, 456 F. App'x 334, 335 (11th Cir. 2011) (*Rooker-Feldman* bars a claim that a state foreclosure judgment was procured through fraud because "reversal of the state court's foreclosure judgment would be a necessary part of the relief requested"); *see also Kropelnicki v. Siegel*, 290 F.3d 118, 129 (2d Cir. 2002) ("Moreover, if adjudication of a claim in federal court would require the court to determine that a state court judgment was erroneously entered or was void, the claim is inextricably intertwined with merits of the state court judgment.") (citing *Jordahl v. Democratic Party*, 122 F.3d 192, 202 (4th Cir. 1997)).

Starks appears to argue in response that the "void *ab initio* exception" to the *Rooker-Feldman* doctrine applies, which, when applicable, "provides that a state-court judgment that is void for want of subject-matter or

7

personal jurisdiction, or that was obtained by fraud, is subject to collateral attack in federal court[.]" *Houston v. Venneta Queen*, 606 F. App'x 725, 733 (5th Cir. 2016) (citation omitted). He claims specifically that the state court lacked subject matter jurisdiction to enter the judgment of attorney fees and the judgment is therefore void. The basis for his argument is Texas jurisprudence which holds that "[t]he only court with jurisdiction over a request for sanctions (whether styled as motion or otherwise) under chapter 10 is the court where the allegedly frivolous litigation was pending, and then only while that court has plenary jurisdiction over the cause in which the allegedly frivolous litigation was pending." *Mantri v. Bergman*, 153 S.W.3d 715 (Tex. App.—Dallas 2005, pet filed); *see also Martin v. Texas Dpt. of Family and Protective Servs.*, 176 S.W.3d 390 (Tex. App.—Houston [1st Dist.] 2004, no pet) (finding that trial court had no subject matter jurisdiction to award sanctions more than 30 days after signing of final judgment because it lacked plenary power over the case pursuant to Texas Rule of Civil Procedure 329b). Here, Starks argues that the court that imposed the sanctions (the Collin County Court at Law) was different from the court that issued the original judgment dismissing the underlying suit (the Collin County Justice of the Peace), so the sanction-awarding judgment was issued in the absence of jurisdiction and is therefore a nullity.

But Starks misrepresents the state court record. As recounted above, Starks did initially file suit in JP court, and that case was dismissed.

8

However, he then appealed that judgment of dismissal to the Collin County Court of Law. And it was that attempted appeal which spawned the motion for sanctions and attorney fees, which was ultimately granted.

This case, then, is not like *Mantri* or *Martin*. In *Mantri*, judgment was entered in the defendant's favor in a Denton County district court. *Mantri*, 153 S.W.3d at 716. No other action occurred in Denton County. *Id*. Then, the defendant filed a suit in Dallas County against the plaintiffs from the Denton County proceeding, alleging only a violation of chapter 10 of the Texas Civil Practice and Remedies Code. *See id*. The *Mantri* court found that the Dallas court lacked jurisdiction over such an action because section 10.002 of the Texas Civil Practice and Remedies Code only allows a party to file a "motion" for sanctions—not an independent action. *See id*. at 717. And in *Martin*, the court concluded that it lacked power to award sanctions requested more than 30 days following the entry of judgment because it no longer had plenary power and lacked jurisdiction over the matter. *See Martin*, 176 S.W.3d at 392; *see also* TEX. R. CIV. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed.").

Here, unlike in *Mastri*, the court that issued the sanctions—the Collin County Court of Law—was the same court that dismissed Starks's action. And unlike in *Martin*, the Collin County Court of Law still had plenary

9

jurisdiction. According to the publicly-available Collin County docket sheet and documents from the state-court proceedings, Davis filed the motion for sanctions on December 26, 2018, eight days after the case was dismissed. *See Wilbert Norwood Starks v. Jody Privett, #1374, and Plano Police Department, et al.*, No. 005-03474-2018 (Co. Ct. at Law No. 2, Collin County, Tex. Dec. 4, 2018). Then, Starks filed a motion for a new trial on December 31, 2018, extending the court's plenary power over the case for an additional 75 days. *See id.*; *see also See Philbrook v. Berry*, 638 S.W.2d 378, 379 (Tex. 1985) (noting that a timely motion for new trial or motion to modify extends the trial court's jurisdiction over its judgment up to an additional 75 days, depending on when or whether the court acts on the motions). And the Collin County Court of Law issued sanctions against Starks on February 19, 2019, within that 75-day window. *See Wilbert Norwood Starks v. Jody Privett, #1374, and Plano Police Department, et al.*, No. 005-03474-2018 (Co. Ct. at Law No. 2, Collin County, Tex. Dec. 4, 2018); *see also* Mot. (ECF No. 17 at 9). Thus, the Collin County Court of Law retained subject matter jurisdiction to issue sanctions and to award attorney fees against Starks.

But even assuming the state court lacked subject-matter jurisdiction, "[w]hether the Fifth Circuit recognizes the 'void *ab initio* exception' to the *Rooker-Feldman* doctrine is debatable." *Jenkins v. Murphy*, 2019 WL 6182441, at *8 (E.D. La. Nov. 27, 2018). In *Houston*, the Court noted that

10

"neither [the United States Court of Appeals for the Fifth Circuit] nor the Supreme Court has endorsed this exception as [the plaintiff] advocate[s], and the cases that do recognize this exception . . . indicate that it is presently limited to the bankruptcy context." 606 F. App'x at 733 (citing *Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003)) ("While a void *ab initio Rooker-Feldman* exception may be appropriate in some bankruptcy cases (apparently the only situation in which it has been applied) in order to protect the dominant federal role in that specialized area of the law, it has no place here."); *see also Matter of Cleveland Imaging & Surgical Hosp. L.L.C.*, 690 F. App'x 283, 286 (5th Cir. 2017) (per curiam) (noting, in a bankruptcy appeal, that "[t]his court has neither endorsed nor rejected the *ab initio* exception" (citation omitted)).

However, in *Burciaga v. Deutsche Bank Nat'l Trust Co.*, 871 F.3d 380, 385-86 (5th Cir. 2017), decided three months after *Matter of Cleveland*, the Fifth Circuit "cited the void *ab initio* exception as an alternate reason that the *Rooker-Feldman* doctrine was inapplicable, without discussing whether the Fifth Circuit now accepts the exception." *Jenkins*, 2018 WL 6182441, at *8.

Perhaps because of this seeming ambiguity in the caselaw, at least one court in this district has declined, even after *Burciaga*, to apply the "void *ab initio* exception." *See Miller v. Dunn*, 2020 WL 6504663, at *4 (N.D. Tex. Nov. 5, 2020) (rejecting the plaintiff's apparent argument that the state

11

court lacked jurisdiction to enter challenged judgment and citing *Houston*, but not explicitly discussing *Burciaga*). Given the uncertainty in the jurisprudence, the Court should decline to recognize the void *ab initio* exception here to the extent that the Court disagrees that the Collin County Court at Law had subject matter jurisdiction to issue the sanctions award in the first place.

And finally, Starks presents no argument as to why the Court should revisit its finding that his petition for a writ of mandamus is frivolous to the extent it asks this Court to issue a writ of mandamus directing the state court to void the complained-of judgment. Starks does not dispute that this Court lacks jurisdiction to issue a writ of mandamus against a state actor or agency. *See Scott v. Stephens*, 2015 WL 4086919, at *2 (N.D. Tex. July 2, 2015) (citing *Moye v. Clerk, Dekalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973)).

In short, Starks's motion for a rehearing, construed as a motion to alter or amend the judgment under Rule 59(e) (ECF No. 17), lacks merit and should be denied.

## Recommendation

Starks's motion for a rehearing, construed as a motion to alter or amend the judgment under Rule 59(e) (ECF No. 17), should be DENIED.

12

Signed September 24, 2021

_____
REBECCA RUTHERFORD
U.S. MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).